**IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT IN AND FOR HILLSBOROUGH COUNTY, FLORIDA CIVIL DIVISON**

**JOHN DOYLE,**

**Plaintiff,**

**CASE NO: 25-CA-007010**
**DIV: A**

vs.

**HOME DEPOT U.S.A., INC.,**

**Defendant.**

_______________________________ /

# COMPLAINT

Plaintiff, JOHN DOYLE, by and through the undersigned counsel, hereby sues Defendant, HOME DEPOT U.S.A., INC., and alleges as follows:

1. This is an action for damages that exceeds the sum of FIFTY THOUSAND DOLLARS ($50,000.00), exclusive of costs, interest and attorneys' fees. The actual value of Plaintiff's claim will be determined by a fair and just jury in accordance with Article 1, Section 21, Fla. Const.

2. Plaintiff, JOHN DOYLE, is a natural person residing in Hillsborough County, Florida.

3. At all times material to this action, Defendant, HOME DEPOT U.S.A., INC., is a for profit corporation licensed to do business in the State of Florida.

4. At all times material hereto, Defendant, HOME DEPOT U.S.A., INC., owned, operated, and/or maintained that certain business located at 1524 E. Brandon Blvd, Brandon, Hillsborough County, Florida, 33511 open to the general public, including the Plaintiff herein.

5. On or about May 2, 2024, Plaintiff, JOHN DOYLE, visited Defendant's premises located at the above address as a business invitee.

6. At said time and place, Plaintiff, JOHN DOYLE, was a lawful guest upon the premises of the Defendant, HOME DEPOT U.S.A., INC., who owed Plaintiff a nondelegable duty to exercise reasonable care for his safety.

**COUNT I – CLAIM FOR PREMISES LIABILITY AGAINST DEFENDANT, HOME DEPOT U.S.A., INC.**

7. Plaintiff realleges and reasserts the allegations contained within paragraphs one (1) through six (6) as if fully set forth herein.

8. At said time and place, Defendant owed Plaintiff duties to maintain the premises in a reasonably safe condition, and to warn Plaintiff of dangerous condition on their premises.

9. At said time and place, Defendant breached these duties to Plaintiff by committing one or more of the following omissions or commissions:

a) Negligently failing to maintain or adequately maintain the flooring at or near the entrance/exit of the store, thus creating a hazard to members of the public utilizing said premises, including the Plaintiff herein, thus creating an unreasonably dangerous condition for Plaintiff

b) Negligently creating a slip hazard to members of the public utilizing said premises, including the Plaintiff herein, thus creating an unreasonably dangerous condition for Plaintiff;

c) Negligently failing to warn or adequately warn the Plaintiff of the danger of the liquid substance on the ground at or near the entrance/exit of the store, when Defendant knew or through the exercise of reasonable care should have known of the dangerous condition;

d) Negligently failing to correct and/or adequately correct the unreasonably dangerous condition of the liquid substance on the ground at or near the entrance/exit of the store, when said condition was either known to Defendant or had existed for a sufficient length of time such that

Defendant should have known of same had Defendant exercised reasonable care;

e) Negligently failing to maintain the painted portions ground outside the entrance/exit to the store in such that way that the painted portions of the ground were adequately slip resistant when wet;

10. As a result, while Plaintiff was visiting Defendant's business, he slipped and fell on a liquid substance on the floor of the entrance/exit area, sustaining significant personal injuries.

11. As a direct and proximate result of the negligence of Defendant, Plaintiff suffered bodily injury resulting in pain and suffering, disability, disfigurement, permanent and significant scarring, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earning, loss of the ability to earn money, and aggravation of previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

WHEREFORE, the Plaintiff, JOHN DOYLE, sues the Defendant, HOME DEPOT U.S.A., INC., for damages and demands judgment in excess of Fifty Thousand Dollars ($50,000.00), plus interest and costs, and demands trial by jury of all issues so triable.

**RESPECTFULLY** submitted this 23rd day of July, 2025.

s/ *Michael C. Bird, Esquire*
Michael C. Bird, Esquire
FBN: 0059691
Morgan & Morgan Tampa P.A.
201 N Franklin St, 7th Floor
Tampa, FL 33602
Telephone Phone: (813) 577-4758
Facsimile: (813) 577-4758
Primary email: mbird@forthepeople.com
jclaud@forthepeople.com
ddickson@forthepeople.com
alvis.horne@forthepeople.com
sfurlano@forthepeople.com